ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
19 North Second Street, Suite 205
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

LAW OFFICE OF KENNETH J. PINTO
Kenneth J. Pinto, SBN 221422
kenpinto1@yahoo.com
586 N 1st St, Ste 113
San Jose, CA 95113
Telephone: (408) 289-1765
Fax: (408) 289-1754

Attorneys for CARLOS PENA, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARLOS PENA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CVS PHARMACY INC., a Rhode Island corporation d/b/a CVS Pharmacy Store #9812; MONEYGRAM PAYMENT SYSTEMS, INC., a Delaware corporation; BARCHESTER SILICON VALLEY, L.P., a California limited partnership; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | *Civil Rights*<br><br>**PLAINTIFF'S COMPLAINT INJUNCTIVE RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

# I. SUMMARY

1. In enacting the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., Congress provided a clear mandate regarding the elimination of discrimination against individuals with disabilities. Such discrimination that Congress sought to eliminate includes: (i) barriers to full integration; (ii) barriers to independent living; and (iii) barriers to equal opportunity for persons with disabilities, including places of public accommodations that are inaccessible to wheelchair users.

2. This action involves discrimination by Defendants CVS PHARMACY INC., a Rhode Island corporation d/b/a CVS Pharmacy Store #9812; MONEYGRAM PAYMENT SYSTEMS, INC., a Delaware corporation; BARCHESTER SILICON VALLEY, L.P., a California limited partnership; and DOES 1 through 20, inclusive, at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes commonly known as CVS Pharmacy, located at or around 2514 Berryessa Rd, San Jose 95132.

3. Plaintiff CARLOS PENA ("Plaintiff") alleges that he was denied his civil rights under federal and California law by Defendants because of Defendants' failure to removal architectural barriers to wheelchair users and discriminatory policies and procedures towards customers with disabilities.

4. Plaintiff seeks injunctive relief under Title III of the Americans with Disabilities Act and supplemental California statutes. Plaintiff also seeks recovery of damages for his discriminatory experience, denial of access and denial of his civil rights, which denial is continuing.  Plaintiff also seeks recovery of reasonable attorneys' fees, litigation expenses and costs, according to statute.

# II. JURISDICTION

5. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

6. Supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, is predicated on 28 U.S.C. §1367.

7. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

8. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to

U.S.C. § 1391(b), (c).

## IV. INTRADISTRICT ASSIGNMENT

9. This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## V. PARTIES

10. Defendants CVS PHARMACY INC., a Rhode Island corporation d/b/a CVS Pharmacy Store #9812;  BARCHESTER SILICON VALLEY, L.P., a California limited partnership; and DOES 1 through 20, inclusive, are, and at all relevant times were, the owners, operators, managers, lessors, and/or lessees of a pharmacy store (land and building), including its related parking facilities and paths of travel, located at or about 2514 Berryessa Rd, San Jose 95132 (hereinafter, "CVS Store").

11. Defendants MONEYGRAM PAYMENT SYSTEMS, INC.; and DOES 1 through 20, inclusive, are, and at all relevant times were, the owners and operators of a money transfer and electronic payment kiosk found inside of the CVS Store ("MoneyGram Kiosk"). The MoneyGram Kiosk is advertised as enabling customers to independently stage a full range of financial transactions; including money transfer, bill payment, check cashing, prepaid card top-up and more. The MoneyGram Kiosk is found at participating locations, including the CVS Store.

12. Plaintiff is informed and believes that each of the Defendants, DOES 1 through 20 inclusive, is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

13. The true names and capacities of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes that each of the Defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the names have been ascertained.

14. Plaintiff CARLOS PENA is a "person with physical disabilities," as defined by all applicable California and United States laws. Plaintiff has been physically disabled due to cerebral palsy and spinal fusion. As a result, Plaintiff is unable to walk and is confined to a motorized wheelchair. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff is a resident of San Jose, California.

## VI. FACTS

15. The CVS Store with all its facilities and the MoneyGram Kiosk with all its facilities are a public accommodation under the broad definition of 42 U.S.C. § 12181(7), and California civil rights laws. Cal. Civil Code § § 51 *et seq.* The CVS Store and the MoneyGram Kiosk are open to the public, are intended for nonresidential use and its operation affects commerce.

16. At all times mentioned herein, Plaintiff was, and is, considered disabled under the Americans with Disabilities Act. Plaintiff's disabilities require him to use a wheelchair for mobility. Consequently, Plaintiff is unable to use portions of public facilities which are not accessible to wheelchair users.

17. Plaintiff has been a customer at the CVS Store and has used the MoneyGram Kiosk found inside about 20-30 times during the last six months prior to the filing of this complaint.

18. In order to either receive or send money via the MoneyGram Kiosk Plaintiff is required to enter information into the machine. However, the MoneyGram Kiosk is too high for Plaintiff's reach, and the stand for it is straight vertical so a person such as Plaintiff with limited spinal mobility cannot bend to extend to reach it. Furthermore, the stand that the MoneyGram Kiosk is mounted on does not allow for a person in a wheelchair, like Plaintiff, to pull up under it.

19. Moreover, there were two specific incidents when one of the CVS Store managers was extremely rude and visually showed frustration upon Plaintiff approaching her and requesting assistance with using the MoneyGram Kiosk. On one occasion, the manager also told Plaintiff that the employees at the CVS Store were too busy to assist Plaintiff and that Plaintiff should instead bring someone with him next time to assist him.

20. There were also numerous times when Plaintiff was left waiting for a long time before anyone at the CVS Store would assist him so much so that Plaintiff felt unconformable even asking for assistance. On a few occasions, Plaintiff had an acquaintance with him to assist him with using the MoneyGram Kiosk because he was too embarrassed to ask the CVS Store staff for assistance.

21. As a result of the aforementioned, Plaintiff suffered difficulties, discomfort, and/or embarrassment. Plaintiff believes that Defendants will not become compliant with state and federal access standards unless compelled to do so by court.

22. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of Defendants' premises. While he could not make detailed measurements, he determined that the CVS Store was also inaccessible in multiple other ways, including, but not limited to, the following:

- In comparison to the total parking count, ADA parking count is short
- ADA parking distribution per area is not adequate
- ADA parking striping is not blue
- No $ 250 penalty sign at ADA parking signage
- ADA parking dimension is short (less than 18") when parking is square
- No exterior directional signage on path from public right of way
- Flared sides of exterior ramp are over 10%
- High reach ranges on some self-service services
- On information customer bathrooms are not fully compliant
- No interior directional signage

23. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for

Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by wheelchair users. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

24. Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

25. Defendants knew that these elements and areas of the CVS Store and the MoneyGram Kiosk were inaccessible, violate state and federal law, and interfere with or deny access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the CVS Store and the MoneyGram Kiosk without much difficulty or expense, and make the CVS Store and the MoneyGram Kiosk accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

26. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the CVS Store and the MoneyGram Kiosk to remove impediments to wheelchair users and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Defendants have not removed such impediments and have not modified the CVS Store or the MoneyGram Kiosk to conform to accessibility standards. Upon information and belief, Defendants have intentionally maintained the CVS Store and the MoneyGram Kiosk in its current condition and have intentionally refrained from altering the CVS Store and the MoneyGram Kiosk so that it complies with the accessibility standards.

27. Plaintiff further alleges that the continued presence of barriers and discriminatory policies and procedures at the CVS Store and the MoneyGram Kiosk is so obvious as to establish Defendants' discriminatory intent. On information and belief, Plaintiff avers that evidence of the discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the CVS Store and its facilities; conscientious decision to the architectural layout as it currently exists at the CVS Store; decision not to remove barriers from the CVS Store or the MoneyGram Kiosk; and allowance that the CVS Store and MoneyGram Kiosk continues to exist in its non-compliant state. Plaintiff further alleges, on information and belief, that Defendants are not in the midst of a remodel, and that the barriers present are not isolated or temporary interruptions in access due to maintenance or repairs.

Plaintiff's Complaint For Injunctive Relief and Damages
6

## VII. FIRST CLAIM

### Americans with Disabilities Act of 1990

### (TITLE III USC §12101 *et seq.*)

### (Against all Defendants and Each of Them)

### Denial of "Full and Equal" Enjoyment and Use

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 27 of this Complaint, and incorporates them herein as if separately repled.

29. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment or use of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

30. Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the CVS Store and the MoneyGram Kiosk during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

31. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id*. § 12181(9).

32. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id*. § 12182(b)(2)(A)(v).

33. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so. In that regard, Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Code §44 and §190, which apply to the costs of barrier removal.

34. In the alternative, if it was not "readily achievable" for Defendants to remove the

barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

35. On information and belief, the CVS Store was constructed after January 26, 1992 independently triggering access requirements under Title III of the ADA.

36. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

37. Here, Defendants violated the ADA by designing or constructing or both the CVS Store in a manner that was not readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

38. On information and belief, the CVS Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

39. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

40. Here, Defendants altered the CVS Store in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Plaintiff, to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

41. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

42. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the CVS Store including policies, practices, or procedures pertaining to the use of the MoneyGram Kiosk, when these modifications were necessary to afford and would not fundamentally alter the nature of these goods, services, facilities, or

accommodations.

43. Plaintiff seeks all relief available under the ADA *i.e.*, injunctive relief, attorneys' fees, costs, legal expense for these aforementioned violations. 42 U.S.C. § 12205.

44. Plaintiff also seeks a finding from this Court *i.e.*, declaratory relief that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VIII. SECOND CLAIM
## Disabled Persons Act
### (California Civil Code § 54 *et seq.*)
### (Against all Defendants and Each of Them)

45. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 44 of this Complaint, and incorporates them herein as if separately repled.

46. The CV Store and the MoneyGram Kiosk is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

47. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

48. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

49. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

50. Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to his disability.

51. Pursuant to the remedies, procedures, and rights set forth in California Civil Code §§ 54.3, Plaintiff prays for judgment as set forth below.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

### (California Civil Code §51 *et seq.*)

### (Against all Defendants and Each of Them)

52. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 51 of this Complaint, and incorporates them herein as if separately repled.

53. The CVS Store and the MoneyGram Kiosk are a business establishment and, as such, must comply with the provisions of the Unruh Act, California Civil Code § 51 *et seq.*

54. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. California Civil Code § 51(b).

55. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f). Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Store.

56. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

57. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52, Plaintiff prays for judgment as set forth below.

## IX. FOURTH CLAIM

### (California Health & Safety Code §§ 19955 *et seq.*)

### Denial of Full and Equal Access to Public Facilities

### (Against all Defendants and Each of Them)

58. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 57 of this Complaint, and incorporates them herein as if separately repled.

59. The California Health and Safety Code § 19955(a) states, in part, that: California

public accommodations or facilities built with private funds shall adhere to the provisions of Government Code § 4450. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

60. Plaintiff alleges the CVS Store is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 or both, and that the CVS Store was not exempt under Health and Safety Code § 19956.

61. Defendants' non-compliance with these requirements at the CVS Store aggrieved or potentially aggrieved Plaintiff and other persons with physical disabilities.

62. Accordingly, Plaintiff seeks injunctive relief pursuant to Health and Safety Code § 19953, *et seq*.

## X. FIFTH CLAIM

**Unfair, Unlawful, Deceptive Business Practice in Violation of California Business and Professions Code § 17200**

**(Against all Defendants and Each of Them)**

63. Plaintiff repleads and incorporates by reference each and every allegation contained in paragraphs 1 through 62, inclusive, as though set forth fully herein.

64. Defendants engaged in business practices, offer their goods and services for sale, and advertise their business within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the Unfair Business Practices Act set forth in § 17200, *et seq*., of the Business and Professions Code.

65. The Unfair Business Practices Act prohibits, inter alia, unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

66. The conduct previously alleged violated the Unfair Business Practices Act, including § 17200 of the Business & Professions Code, in that Defendants have represented that their goods and services are available to all members of the general public, when in fact, Defendants deny full and equal access to their goods and services to disabled individuals who use a wheelchair by reason of Defendants' failure to comply with their legal obligations under the Unruh Civil Rights Act, Disabled Persons Act, and False Advertising Practices Act as alleged herein.

67. Accordingly, Plaintiff prays for relief as hereinafter stated in pertinent part.

## XI. SIXTH CLAIM

**For Violating the False Advertisement Practices Act, Business and Professions Code § 17500**

**(Against all Defendants and each of Them)**

68. Plaintiff repleads and incorporates by reference each and every allegation contained in paragraphs 1 through 67, inclusive, as though set forth fully herein.

69. Defendants engage in business practices, offer their goods and services for sale, and advertise their goods and services within the jurisdiction of the state of California. As such, Defendants have a duty to comply with the provisions of the False Advertising Practices Act set forth in §§ 17500, *et seq.,* of the Business and Professions Code.

70. The False Advertising Practices Act prohibits, inter alia, disseminating, making, or causing to be made, any statement concerning goods and services which is known, or with the exercise of reasonable care should be known, to be untrue or misleading, by any corporation or employee thereof.

71. The previously alleged conduct of Defendants violates the False Advertising Act, including § 17500 of the Business and Professions Code, in that said Defendants have represented that their goods and services are available to all members of the general public, when, in fact, said Defendants deny full and equal access to such goods and services to disabled individuals. Defendants hold the CVS Store and the MoneyGram Kiosk out as accessible and welcome to all. This is deceiving especially since the laws requiring access have been in effect for more than 40 years in California.

72. Accordingly, Plaintiff prays for relief as hereinafter stated in pertinent part.

### *PRAYER FOR RELIEF*

Wherefore, Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to physically disabled persons and issue a preliminary and permanent injunction directing Defendants to provide and maintain facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including

appropriate changes in policy. **Note: Plaintiff is not invoking Civil Code, § 55 and is not seeking injunctive relief under that section**;

    2. Declare that Defendants are in violation of Title III of the Americans with Disabilities Act;

    3. Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

    4. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

    5. Award to Plaintiff all reasonable restitution for Defendant's Unfair, Unlawful, Deceptive Business Practice and False Advertising;

    6. Award to Plaintiff all reasonable statutory attorneys' fees, litigation expenses, and costs of this proceeding as provided by law;

    7. Award to Plaintiff prejudgment interest pursuant to Civ. Code, § 3291; and

    8. Grant such other and further relief as this Court may deem just and proper.

Dated: December 17, 2018        */s/ Kenneth J. Pinto*
                                            Kenneth J. Pinto, Attorney for Plaintiff
                                            CARLOS PENA

### *DEMAND FOR JURY*

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: December 17, 2018        */s/ Kenneth J. Pinto*
                                            Kenneth J. Pinto, Attorney for Plaintiff
                                            CARLOS PENA